J-S68033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN PALMER | |
| Appellant | No. 2968 EDA 2014 |

Appeal from the PCRA Order September 17, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204301-2000

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 28, 2015**

Appellant, Stephen Palmer, appeals from the September 17, 2014 order, dismissing as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. On November 2, 2001, Appellant was sentenced to life imprisonment without the possibility of parole after the trial court convicted him of one count of first-degree murder, and two counts each of recklessly endangering another person and possession of an instrument of a crime.[1]  This Court affirmed the judgment of sentence on January 10, 2003.  ***Commonwealth v. Palmer***, --

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2705, and 907(a), respectively.

- A.3d. ---, 3490 EDA 2001 (Pa. Super. 2003) (unpublished memorandum) (**Palmer I**).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 6, 2004, Appellant filed a timely counseled PCRA petition, which the PCRA court dismissed on October 25, 2005.  This Court affirmed that order on August 20, 2007.  **Commonwealth v. Palmer**, 935 A.2d 18 (Pa. Super. 2007) (unpublished memorandum) (**Palmer II**), *appeal denied*, 945 A.2d 169 (Pa. 2008).  Relevant to the instant appeal, Appellant argued to this Court that all prior counsel were "ineffective for failing to have him evaluated by a mental health professional to determine whether he suffered from organic brain damage that might have produced the basis for a defense at trial."  *Id.* at 4-5.  Specifically, Appellant wished to use this hypothetical evaluation to "develop … the issue of the defense of diminished capacity, the issue of lack of intent, the issue of mistaken belief self-defense, and the issue of post traumatic stress[.]"  *Id.* at 4, *quoting* Appellant's Brief (**Palmer II**) at 4.  On February 13, 2008, our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed the instant *pro se* PCRA petition on April 25, 2012. Appellant retained private counsel, who filed an amended petition on December 10, 2013.  On June 16, 2014, the Commonwealth filed a motion to dismiss, to which Appellant filed a response on August 11, 2014.  That same day, the PCRA court entered an order notifying Appellant of its

intention to dismiss his petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed an amended PCRA petition the next day, on August 12, 2014, and filed a response to the PCRA court's Rule 907 notice on September 2, 2014. On September 17, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. On October 14, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant presents four issues for our review.

1.  Was trial counsel ineffective for failing to investigate and present compelling mental health evidence that would have provided Appellant a viable defense to first-degree murder?

2.  Was the [p]etition filed in the [PCRA] court timely?

3.  Were the claims presented to the [PCRA] court waived?

4.  Were the claims presented to the [PCRA] court previously litigated?

Appellant's Brief at 1-2.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

---

[2] The PCRA court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed its Rule 1925(a) opinion on March 19, 2015.

*Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citation omitted).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a

fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Roney*, *supra* at 605 (citation omitted).

We address only Appellant's second issue, as it is dispositive because it pertains to our consideration of the timeliness of Appellant's PCRA petition, which implicates the jurisdiction of this Court and the PCRA court. *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, *Ali v. Pennsylvania*, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v.*

*Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant was sentenced on November 2, 2001, and this Court affirmed Appellant's judgment of sentence on January 10, 2003. As a result, Appellant's judgment of sentence became final on February 10, 2003, when the filing period for an *allocatur* petition with our Supreme Court expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Appellant filed the instant petition on April 25, 2012; as a result, it was patently untimely.

However, Appellant avers that the governmental interference and newly-discovered fact exceptions apply to the instant petition. Appellant's Brief at 29. In order to meet the statutory requirements of the

---

[3] We observe that the 30th day fell on Sunday, February 9, 2003. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely petition for allowance of appeal was on Monday, February 10, 2003.

governmental interference exception, "Appellant was required to plead and prove that his failure to raise the claim *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States …." **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted; emphasis in original).  A defendant claiming this exception must also show that "the information could not have been obtained earlier with the exercise of due diligence."  **Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006) (citation omitted).  Likewise, our Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved.  Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*."   42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

**Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007) (emphases in original).  "Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced."  **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012).

- 8 -

Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

> The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2)*.* The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted). Our Supreme Court has held that Section 9545(b)(2) also requires a showing of due diligence insofar that a petitioner must file the petition within 60 days that the claim could have **first** been presented. ***Commonwealth v. Edmiston***, 65 A.3d 339, 350 (Pa. 2013), *cert. denied*, ***Edmiston v. Pennsylvania***, 134 S. Ct. 639 (2013).

Appellant argues that both time-bar exceptions apply because Dr. Gerald Cooke, a psychologist, was prevented by prison officials from conducting "full and complete testing" to show that Appellant suffered certain mental impairments, that if known, would have allowed him to raise defenses at trial. Appellant's Brief at 30. Therefore, Appellant concludes that he has satisfied the government interference exception to the PCRA time-bar. *Id.* Once Dr. Cooke completed said tests, Appellant avers that the full and complete report by Dr. Cooke meets the newly-discovered fact exception as well. *Id.*

Appellant has carefully detailed in his brief how he allegedly exercised due diligence from 2007 until 2011. *See generally* Appellant's Brief at 34-37. However, Appellant does not provide any explanation as to what diligence he exercised before 2007. When Appellant was before this Court for his first PCRA appeal, he conceded that he had "not offered to prove facts that would establish prior counsel's ineffectiveness." *Palmer II*, *supra* at 6. Although he accused prison officials of not permitting Dr. Cooke to use a tape recorder, this Court noted "there is no explanation for the doctor's failure to complete other tests or to obtain additional background history and do extensive interviewing about symptoms and problems, which he also indicates were not completed." *Id.* (internal quotation marks, brackets, and citation omitted). It therefore appears that Appellant's due diligence did not begin until after this Court's decision from his first PCRA appeal.

As noted above, both the government interference and newly-discovered fact exceptions, as well as the 60-day rule, contain a due diligence requirement. *See Edmiston*, *supra*; *Bennett*, *supra*; *Hawkins*, *supra*. It is further axiomatic that the PCRA time-bar is to be strictly construed. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008) (citation omitted), *cert. denied*, *Abu-Jamal v. Pennsylvania*, 555 U.S. 916 (2008). The fact that Appellant returns to this Court claiming to have corrected the deficiencies we pointed out in 2007, does not relieve him of his burden to show that he acted with due diligence in bringing his claim

when it first could have been presented, even before 2007. ***See Edmiston***, ***supra***. Due diligence requires a showing that Appellant could not have obtained this information sooner. Accordingly, Appellant was required to plead and prove his due diligence prior to 2007, since the PCRA requires a petitioner to present his claim at the earliest possible time. ***See id.***

Furthermore, pertaining to government interference, the PCRA requires that the government interference be unconstitutional or illegal. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i) (allowing a time-bar exception where the government interference was "in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[]"); ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1095 (Pa. 2010) (rejecting government interference argument regarding prison officials where the defendant "fail[ed] to show any of the conditions of his incarceration were illegal[]"). Here, Appellant has not specifically alleged which provision of state or federal law, statutory or constitutional, that prison officials violated in preventing Dr. Cooke from using certain equipment. As a result, Appellant's government interference argument also fails on this basis.

In addition, Appellant avers that this Court should deem his petition timely, in part, because he has consistently received deficient representation. Appellant's Brief at 31. However, our Supreme Court has also explained that an allegation of counsel ineffectiveness will not save an otherwise untimely PCRA petition. ***Commonwealth v. Gamboa-Taylor***,

- 11 -

753 A.2d 780, 785-786 (Pa. 2000). In light of all of these considerations, we conclude that Appellant has not met either exception to the PCRA time-bar. *See id.*; *Lawson*, *supra*.

Based on the foregoing, we conclude that the PCRA court properly dismissed Appellant's second PCRA petition as untimely. Accordingly, the PCRA court's September 17, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2015